Opinion of the court delivered by
Judge Catron.
We are called upon in this cause to give a construction to the acts of 1824, ch. 17, and 1825, ch. 57, for the further relief of insolvent debtors when arrested by a ca. sa.
The 1st section of the act of 1824 says, when a ca. sa. is issued from any of the courts of record, and the body arrested by virtue thereof, the sheriff shall take bond and security for the appearance of the arrested debtor, at the next county court of the county in which he resides, then and there, to make payment of the money called for in said process, or take the oath of insolvency, or make surrender of his property.
A literal application of this section would he absurd. The law could not be executed. Say a ca. sa. issues from Madison to the sheriff of Knox, to arrest a resident of Carter. The sheriff of Knox arrests the defendant, there on busines, takes bond and security to appear at the next county court of Carter, then and there, to pay the money, take the oath, or surrender his property. Who is to receive the money? who to receive and sell the property surrendered? How can the sheriff return the process to two courts, 500 miles distant from each other? The second section says, on the return of the process and bond, the said Court shall administer the oath of insolvency. The *412 3d section tells us that if the debtor fails to appear, at the court to which said process is returnable — ox fails to take the oath — or make a surrender, in such manner as said court shall direct, then said court shall enter up judgment upon motion against the debtor and his security upon the bond, for principal, interest and costs on said process. 4th The officer of said court, where the execution is returnable, shall sell the property surrendered.
The act of 1825, provides the bond for appearance shall be taken to the plaintiff in the ca. sa. and shall be returned by the sheriff with the writ to the next term of the court, from which said writ may have issued, to be proceeded on according to law.
The court above to which the execution is returnable can discharge the debtor — there must his bond be conditioned to appear.
No doubt the inconvenience of a surrender of property to a court, far distant from the residence of the defendant, formed a consideration with the legislature — perhaps produced the awkward phraseology of the act. The first and other sections not having been penned with the same mind, when taken in connexion with the previous laws regulating the issuance and return of legal process, and the act for the benefit of insolvent debtors, we think the intention of the legislature sufficiently explicit. We, therefore, declare the bond in this cause correctly taken, and refuse the motion for judgment against the sheriff of Greene.
The form of the [bond we think substantially correct, and overrule the motion to discharge the defendant, Powell, on the cross motion.